# SUPREME COURT.

## Leon Furniss agt. Sophia R. C. Furniss.

*When executors can partition the residuary estate under the provisions of the will — and by law.*

The third clause of the will, which directs the division of the residuary estate of the testator, is as follows: "After paying or providing for the foregoing legacies I direct my executors to divide all the residue of my estate, both real and personal, into as many equal shares as will allow one share for my wife, if she shall survive me, and one share for each of my children," &c.

*Held,* that there is clearly no ambiguity in this language. The testator directs his executors, as soon as the legacies are paid, to divide the estate. If he had fixed any later period for the division it might have made all the limitations attached thereto void, as contravening the statute against perpetuities.

In a case like this, if there are limitations fixed upon the several shares, and the executors have the power to make partition, they are bound to make partition as soon as the residuary estate is ascertained, without any directions from the testator.

The executors undoubtedly have a right to keep the estate in bulk for the purposes of administration, but, as soon as the administration has been had — that is, debts and legacies have been paid — they are bound to partition the estate. The directions in this will are in exact accordance with this principle of law.

The legacies in this case are all paid, and, unless there is something to modify this direction contained in this clause of the will, the executors are bound now to make partition.

The will further provides, after directing his estate to be divided as above mentioned, he gives each of said shares, by separate devises, to his executors, or some of them, in trust, to collect rents, &c. He then authorizes and empowers "the trustees of every one of the trusts herein contained" to lease, sell or mortgage any of the real estate comprised in his trust; also authorizes his executors to partition his real estate as well as personal amongst the parties who may be entitled thereto, as previously expressed in his will.

He then authorizes them, until such partition has been effected, to collect

the rents of all my real estate, and apply the same to the. payment of debts he may owe, and also to payment of taxes, insurance and repairs, &c.

Then follows the clause which, the executors claim, gives them full discretionary powers in respect to the making of partition, to wit: "I hereby declare that all the powers herein given are intended to be discretionary, and to be exercised or not, as the said executors or trustees shall think proper, hereby authorizing a majority of trustees in any share to exercise such discretion, if there occur any difference of opinion between them."

*Held*, that a careful examination of this clause, in connection with the other provisions of the ·will, will show that it does not, nor was it intended by the testator that it should, confer any discretion whatever upon the executors as such. The whole discretion is vested in them as trustees of the several trusts, and does not relate to a single act which the will requires them to do as executors.

*Special Term, February*, 1874.

VAN BRUNT, *J.*—This action is brought by the plaintiff, who is a life tenant under the will of William P. Furniss, deceased, in the one-seventh part of the residuary estate left by said testator, to compel a division and partition of said estate, pursuant to the provisions of said will. The answer of the defendants is, that it is entirely discretionary with the executors, according to the terms of said will, to make or not to make a partition of said residuary estate, and that by retaining the property in mass and unsold it will greatly increase in value, and that, if partition is made now, in a few years there will be a great difference in the value of the different shares, as they will increase in value in different and unforeseen proportions. An examination of the will relating to the division and sale of the residuary estate will show whether or not the claim of the executors is or not well founded.

The third clause of the will is as follows : " After paying or providing for the foregoing legacies, I direct my executors to divide all the residue of my estate, both real and personal, into as many equal shares as will allow one share for my wife, if she shall survive me, and one share for each of my children," &c. There is evidently no ambiguity in this

language. The testator *directs* his executors, as soon as the legacies are paid, to divide the estate. If he had fixed any later period for the division, it may be that the fixing of such a period would have made all the limitations attached thereto void, as contravening the statute against perpetuities, and, it seems to me, that the testator had this in view, when he is so explicit in his directions to his executors to divide at once. Indeed, in a case like the present, if there are limitations fixed upon the several shares and the executors have the power to make partition, they are bound to make the partition as soon as the residuary estate is ascertained, without any directions from the testator. They undoubtedly have the right to keep the estate in bulk, for the purposes of administration, but as soon as the administration has been had, that is, debts and legacies have been paid, they are bound to partition the estate. The directions in this will are in exact accord with that principle of law, because the provision is, that after paying the legacies the division shall be made. The testator has fixed the latest date which he could do without endangering the validity of the limitations attached to each share, and he has been precise and definite in the language which he has used.

I cannot imagine how more positive language could be used. It is certainly mandatory and not merely directory. He says that it his will that the executors divide the estate as soon as the legacies are paid. All the legacies are paid, and unless there is something to modify this direction contained in this clause of the will, the executors are bound now to make partition. The mere fact that they deem it inexpedient to do so at the present time, or that the property will increase more in value if left in bulk, is not sufficient to overcome the rule of law, to which I have called attention, or the expressed will of the testator.

But it is claimed by the defendants that by subsequent clauses of the will full discretionary powers are conferred upon the executors in respect to the making of partition.

Furniss agt. Furniss.

After directing his estate to be divided, as above mentioned, he gives each of said shares, by separate devises, to his executors or some of them, in trust, to collect the rents. He then authorizes and empowers "the trustees of every one of the trusts herein contained" to lease, sell or mortgage any of the real estate comprised in his trust. He also authorizes his executors to partition his real estate as well as personal, amongst the parties who may be entitled thereto, as previously expressed in his will.

He then authorizes them, until such partition has been effected, to collect the rents of all my real estate and apply the same to the payment of debts he may owe, and also to payment of taxes, insurance and repairs, &c.

Then follows this clause: "I hereby declare that all the powers herein given are intended to be discretionary, and to be exercised or not, as the said executors or trustees shall think proper, hereby authorizing a majority of trustees in any share to exercise such discretion if there occur any differences of opinion between them."

I think that a careful examination of this clause, in connection with the other provisions of the will, will show that it does not, nor was it intended by the testator that it should, confer any discretion whatever upon the executors as such. The whole discretion is vested in them as trustees of these several trusts, and does not relate to a single act which the will requires them to do as executors. It will be noticed, in reading the clause in the will, the words "executors or trustees" are used, in the first paragraph, but in the last paragraph the word "trustees" is only used referring to the same persons, thus indicating, that although the word "executors" is employed, it was intended to speak of them only in their character as trustees. It cannot be claimed that it was the intention of the testator that the whole of the executors must act in a given case, but that a majority of the trustees might exercise such discretion, upon a like occasion, in case of a difference of opinion among them.

There is one of the provisions in this will, which, it seems to me, is conclusive upon this question of partition. The testator says, after authorizing his executors to make partition, "I also authorize them, until such partition has been effected, to collect the rents of all my real estate and to apply the same to the payment of debts which I may owe, and also to the payment of taxes, insurance, and repairs on real estate," &c., and there is no provision in the will providing for any other disposition of these rents, showing conclusively that the testator intended that as soon as all debts and legacies were paid that his estate should be partitioned as he had before directed, and that the executors should assume control of all shares when partitioned, as trustees of the respective trusts. The will is entirely silent as to what should become of the rents collected by the executors after the debts were paid, and it was certainly not contemplated by the testator that his *executors*, as such, should have any thing whatever to do with the rents, after the purposes of administration had been accomplished.

And it is further to be noticed, that all the powers of sale, leasing and mortgaging, are conferred upon the trustees and not upon the executors. The only powers affecting the real estate, conferred upon the executors, is the power of partition and collection of rents until such partition. It seems to me, therefore, that it was the intention of the testator that there should be a partition immediately after the payment of the legacies, and that, the executors having refused to make such partition, the plaintiff had the right to compel them to do so.

In coming to this conclusion I do not mean to intimate that the executors have acted from any improper motive, because I believe that they were guided only by what they thought would best promote the interests of the estate committed to their care; but I think that they are mistaken in supposing that they have the right to postpone the partition of this estate.

Judgment must be for plaintiff.